**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 12, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JEREMY BRIAN JAQUES,

Defendant-Appellant.

No. 04-8106
(District of Wyoming)
(D.C. No. 04-CR-129-CAB)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is, therefore, ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-appellant Jeremy Brian Jaques pleaded guilty to conspiracy to possess with intent to distribute, and to distribute, more than fifty grams of methamphetamine. As part of his plea agreement, Jaques stipulated that his offense involved at least 350 grams but less than 500 grams of methamphetamine. He also agreed to a sentencing enhancement under 21 U.S.C. § 851, requiring a mandatory minimum sentence of ten years.

After calculating an adjusted offense level of twenty-seven and a criminal history category of VI, the presentence investigation report ("PSR") recommended a sentencing range under the United States Sentencing Guidelines ("U.S.S.G.") of 130 to 162 months. Jaques asked the court to downwardly depart and argued that his federal sentence should begin running in May 2003.[2] The district court denied the downward departure and rejected Jaques' argument regarding the federal sentence because he was not placed in federal custody until after his sentence on a previous offense expired in May 2004. On September 23, 2004, the district court

_____

[2]According to the PSR, Jaques was ordered to serve 36 months' probation on a conviction in Utah for illegal possession of a controlled substance in May 1996. In 1998, when he violated the terms of his probation, the original suspended prison sentence was reimposed. He was again released on parole in 1999, and returned to custody after violating the conditions of his parole in 2002. After being released in February 2003, he was reincarcerated in April 2004 for again violating his parole. His sentence finally expired on May 18, 2004, and he was released. Jaques was arrested for the instant offense on June 23, 2004. It appears that Jaques argues his federal sentence should run from May 2003 because he believes the conduct for which he was arrested in June 2004 began in May 2003.

sentenced Jaques to 142 months' imprisonment, slightly below the middle of the applicable Guidelines range, to be followed by an eight-year term of supervised release.

Jaques filed a timely notice of appeal and now challenges the sentence imposed by the district court. On appeal, Jaques argues that (1) the district court started his federal sentence on the wrong date and (2) he must be resentenced in light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), this court **affirms** Jaques' sentence.

Jaques relies on U.S.S.G. § 5G1.3(b) and (c) in his argument that the district court should have set his federal sentence to begin running in May 2003. As the government points out, the Guidelines provide for sentences to run concurrently only when there is an "undischarged term of imprisonment" remaining. U.S.S.G. § 5G1.3(b), (c) (2003); *id.* cmt. n.2(D); *id.* cmt. n.3(A); *see also United States v. Dunham*, 295 F.3d 605, 610 (6th Cir. 2002) (collecting cases for the proposition that § 5G1.3(b) applies only to "a defendant serving an undischarged term of imprisonment at the time of his federal sentencing"). Jaques, however, was not subject to either of these Guidelines provisions because his prior state sentence was *fully discharged* at the time he was arrested by federal

authorities.[3]  The district court, therefore, did not err in declining to apply

Guidelines provisions that were not applicable to Jaques.

While Jaques' appeal was pending, the Supreme Court decided *United

States v. Booker* in which the Court held that "[a]ny fact (other than a prior

conviction) which is necessary to support a sentence exceeding the maximum

authorized by the facts established by a plea of guilty or a jury verdict must be

admitted by the defendant or proved to a jury beyond a reasonable doubt."  125 S.

Ct. at 756.  Jaques argues, for the first time on appeal, that he must be

resentenced after *Booker*, thus we review for plain error.  Fed. R. Crim. P. 52(b).

"This court has discretion to recognize plain error that was not raised in the

district court when (1) there is an error; (2) that is plain; (3) that affects

substantial rights; and (4) that seriously affects the fairness, integrity, or public

reputation of judicial proceedings."  *United States v. Sierra-Castillo*, 405 F.3d

932, 941 (10th Cir. 2005).  Here, Jaques admitted all of the underlying facts

supporting his sentence, so the district court committed only non-constitutional

*Booker* error by applying the Guidelines in a mandatory, as opposed to an

advisory, fashion.  *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 731-32

---

[3]To the extent Jaques is suggesting the district court erred in refusing to downwardly depart, "[t]his court has no jurisdiction [] to review a district court's discretionary decision to deny a motion for downward departure on the ground that a defendant's circumstances do not warrant the departure." *United States v. Sierra-Castillo*, 405 F.3d 932, 936 (10th Cir. 2005).

(10th Cir. 2005) (en banc).  This error amounts to plain error sufficient to satisfy

the first two prongs of the plain-error test.  *Id.* at 732.  Jaques, however, cannot

satisfy the third prong of plain error review because there is no indication in the

record that the district court would have imposed a lesser sentence had it been

operating under an advisory sentencing scheme.  *See United States v. Wilson*, __

F.3d __, No. 03-5207, 2005 WL 1693999, at *6 (10th Cir. July 21, 2005).  The

district court denied Jaques' motion for a downward departure and, exercising its

limited pre-*Booker* discretion, imposed a sentence in the middle of the applicable

Guidelines range.[4]  In so doing, the district court stated:

> I have not seen in Mr. Jaques any effort in the last ten years to
> rehabilitate himself.  In fact, since 1994, he's been on a nonstop
> criminal binge, and now at 28, he has a rap sheet that in this
> presentence report takes four pages to discuss it, which is quite
> unusual, quite long.
>     And of course in this process, Mr. Jaques has fathered four
> children by different women and hasn't, as near as I can see, done
> particularly well in supporting them. And about the only thing he's
> done is support himself with drugs.

These statements of the district court support our conclusion that the district court

would not have imposed a less severe sentence had it realized it had the discretion

to do so.  Because Jaques is unable to demonstrate that the district court's error

---

[4]We reject Jaques' characterization of his sentence as representing the "low end of the [G]uideline range" as facially incorrect.

-5-

affected his substantial rights, he is not entitled to relief. Accordingly, for the reasons detailed above, the sentence imposed by the district court is **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge