**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 23, 2005**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ELIAZAR GONZALEZ-ANDAZOLA,
also known as Elizar Gonzales,

    Defendant-Appellant.

No. 04-2162
(District of New Mexico)
(D.C. No. CR-04-99 BB)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McWILLIAMS**, and **MURPHY**, Circuit Judges.

1.     **INTRODUCTION**

    Defendant-appellant Eliazar Gonzalez-Andazola pleaded guilty to illegally

reentering the United States after having been previously deported following a

conviction for an aggravated felony. He was sentenced to seventy months'

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

imprisonment. On appeal Gonzalez-Andazola argues, for the first time, that his sentence violates his Sixth Amendment rights under *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and that the federal Sentencing Guidelines are unconstitutional. This court exercises jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. Because his sentence does not violate his Sixth Amendment rights and because the district court's erroneous application of the Sentencing Guidelines does not satisfy the requirements of plain-error review, this court **affirms** Gonzalez-Andazola's sentence.

## 2. BACKGROUND

Gonzalez-Andazola was arrested on October 26, 2003, by a United States Border Patrol Agent. The government filed an indictment charging Gonzalez-Andazola with being found in the United States after having been previously deported following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1), (2), and (b)(2). The underlying felony named in the indictment was aggravated battery with great bodily harm. On March 8, 2004, Gonzalez-Andazola entered a guilty plea without a plea agreement.

Pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2(a), the base offense level for illegal reentry is eight. Based on the underlying conviction for aggravated battery, which is considered a crime of violence, a sixteen-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) was applied,

resulting in an adjusted offense level of twenty-four. The offense level was reduced three levels for acceptance of responsibility producing a final offense level of twenty-one. Based on this offense level and Gonzalez-Andazola's criminal history category V status, the applicable Guidelines range was seventy to eighty-seven months. The district court sentenced Gonzalez-Andazola to seventy months' imprisonment, the low end of the Guidelines range.

**3.    DISCUSSION**

Gonzalez-Andazola now argues that his sentence must be reversed because his sentence was based on an alleged prior conviction that was not found by a jury or admitted by Gonzalez-Andazola, in violation of his Sixth Amendment rights under *Blakely v. Washington*, 124 S. Ct. 2531 (2004). He further asserts that the federal Sentencing Guidelines are unconstitutional and it was therefore reversible error for the district court to sentence him under a mandatory sentencing scheme.

While Gonzalez-Andazola's appeal was pending, the Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005). In *Booker*, the Supreme Court extended the holding of *Blakely* to apply to the federal Sentencing Guidelines and reiterated that the Sixth Amendment requires that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at

756. *Booker* makes clear that a court imposing a sentence by application of the mandatory Sentencing Guidelines could commit two types of error: constitutional error and non-constitutional error. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731-32 (10th Cir. 2005) (en banc). Constitutional *Booker* error results from a district court "relying upon judge-found facts, other than those of prior convictions, to enhance a defendant's sentence mandatorily." *Id.* at 731. Non-constitutional error results from a district court's mandatory application of the Guidelines in contravention of the remedial portion of the Supreme Court's decision in *Booker* which renders the Sentencing Guidelines advisory only. *Booker*, 125 S. Ct. at 764-65.

Because Gonzalez-Andazola raises his arguments for the first time on appeal, we review his sentence for plain error. *See United States v. Sierra-Castillo*, 405 F.3d 932, 941 (10th Cir. 2005) (detailing four-part plain error test). Gonzalez-Andazola's Sixth Amendment claim is meritless because the Sixth Amendment does not require the fact of a prior conviction to be admitted by a defendant or found by a jury. *See Booker*, 125 S. Ct. at 756 (2005); *United States v. Moore*, 401 F.3d 1220, 1224 (10th Cir. 2005).[1] Thus, the district court did not commit constitutional error when it enhanced Gonzalez-Andazola's sentence for

---

[1]Gonzalez-Andazola's Sixth Amendment claim also fails because he specifically admitted the fact of his prior conviction. *See United States v. Booker*, 125 S. Ct. 738, 756 (2005).

illegal reentry based upon the fact of a prior conviction. The district court did, however, commit non-constitutional *Booker* error by applying the Sentencing Guidelines in a mandatory fashion. *Gonzalez-Huerta*, 403 F.3d at 731-32. Mandatory application of the Guidelines is an error that is plain, thus satisfying the first two prongs of the plain-error test. *Id.* at 732. Irrespective of whether Gonzalez-Andazola can show that his substantial rights were affected, he is not entitled to relief because he cannot demonstrate that the district court's error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 736-37. "[S]entencing error meets the fourth prong of plain-error review only in those rare cases in which core notions of justice are offended." *United States v. Lawrence*, 405 F.3d 888, 906 (10th Cir.2005) (quotation omitted). In one brief paragraph Gonzalez-Andazola asserts in conclusory fashion that the district court's error satisfies this standard. This statement is not sufficient to satisfy Gonzalez-Andazola's burden. *Gonzalez-Huerta*, 403 F.3d at 737. Furthermore, Gonzalez-Andazola received a sentence within the applicable Guidelines range and there is nothing in the record to suggest that the district court's mandatory application of the Guidelines was "particularly egregious or a miscarriage of justice." *See id.* at 738-39. Furthermore, a review of the transcript of the sentencing hearing reveals no likelihood that the district court would impose a lower sentence if this matter

were remanded for resentencing. *Lawrence*, 405 F.3d at 907 ("Whether the district court would simply reimpose the same sentence on remand, or whether instead the sentence would likely change to a significant degree if [the case] were returned to the district court for discretionary resentencing, is one factor to consider in determining whether the defendant can satisfy the fourth plain-error prong." (quotation omitted)). Instead, after noting Gonzalez-Andazola's extensive criminal record and history of alcohol abuse, the district court noted the possibility that Gonzalez-Andazola could make his time in prison productive and meaningful by overcoming his alcoholism and remaining connected to his family. Because Gonzalez-Andazola is unable to satisfy the fourth prong of plain-error review, he is not entitled to relief.

## IV. CONCLUSION

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge