

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-17-2006

# USA v. Jackson

Precedential or Non-Precedential: Precedential

Docket No. 05-4091

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Jackson" (2006). *2006 Decisions.* Paper 143.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/143

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4091

UNITED STATES OF AMERICA

v.

JOHNATHAN RYAN JACKSON,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 05-cr-00004)
District Judge: Honorable Paul S. Diamond

Submitted Under Third Circuit LAR 34.1(a)
September 28, 2006

Before: McKEE and AMBRO, <u>Circuit Judges</u>
RESTANI,[*] <u>Chief Judge</u>

(Opinion filed November 9, 2006)

**ORDER  AMENDING  PUBLISHED  OPINION**

AMBRO, *Circuit Judge*

　　　　IT IS NOW ORDERED that the published Opinion in the above case filed November 9, 2006, be amended as follows:

---

[*]Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

On page 13, the paragraph beginning four lines from the bottom of the page (beginning "The Eighth ...") and carrying over to page 14 (ending "...discretionary denial of a departure motion.⁶"), is hereby deleted in full and replaced with the following paragraph. (Footnote 6 will remain at the end of this new paragraph.)

We have already ruled that, as it was pre-*Booker*, courts of appeals post-*Booker* have no authority to review discretionary denials of departure motions in calculating sentencing ranges. *See Cooper*, 437 F.3d at 332–33; *see also United States v. Burdi*, 414 F.3d 216, 220 (1st Cir. 2005); *United States v. Puckett*, 422 F.3d 340, 345 (6th Cir. 2005); *United States v. Frokjer*, 415 F.3d 865, 874–75 (8th Cir. 2005); *United States v. Sierra-Castillo*, 405 F.3d 932, 936–37 (10th Cir. 2005); *Crawford*, 407 F.3d at 1178. Not only because it is the precedent of this Court, but also because it is our purpose to have the calculation of Guidelines ranges track pre-*Booker* practice, we continue not to disturb a district court's discretionary denial of a departure motion.[6]

On page 14, footnote 6, replace the first full paragraph with the following:

Our lack of review on this issue, however, goes no further than step two of *Gunter*, as step three requires our review of the sentence against the several § 3553(a) factors, only one of which is the Guidelines range. *See infra* Part II.B.

By the Court,

/s/ Thomas L. Ambro, Circuit Judge

Dated: November 17, 2006

2