FILED
United States Court of Appeals
Tenth Circuit

January 4, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANCISCO TRINIDAD-TOLEDO,

Defendant - Appellant.

No. 07-2021

(D. New Mexico)

(D.C. No. CR-06-1646-JB)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Introduction

Appellant Francisco Trinidad-Toledo pleaded guilty to one count of illegal reentry of a deported alien, in violation of 8 U.S.C. §§ 1326(a) and (b). The district court sentenced him to forty-one months' imprisonment, the low end of the advisory guidelines range. Trinidad-Toledo now appeals the sentence imposed by the district court, arguing the court erred when it refused to depart downward and that the sentence is substantively unreasonable based on consideration of the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Booker*, 543 U.S. 220, 261 (2005). Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we **affirm** Trinidad-Toledo's sentence.

## II. Background

Trinidad-Toledo, a citizen of Mexico, was deported in 2004 subsequent to a Texas state conviction for aggravated assault with a deadly weapon. On May 18, 2006, United States Border Patrol agents took Trinidad-Toledo into custody near Columbus, New Mexico. A subsequent record check revealed both the Texas conviction and the previous deportation. Trinidad-Toledo was then charged with illegal reentry by a deported alien previously convicted of an aggravated felony, a violation of 8 U.S.C. §§ 1326(a) and (b). Trinidad-Toledo pleaded guilty to the charge and the United States Probation Office prepared a Presentence Investigation Report ("PSR"). The PSR calculated the base offense level at eight and then increased it sixteen levels pursuant to USSG § 2L1.2(b)(1)(A)(ii)

because of the prior Texas felony conviction. The PSR also applied a three-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1, resulting in a total offense level of twenty-one. Combined with Trinidad-Toledo's criminal history category of II, this offense level resulted in an advisory guidelines sentencing range of forty-one to fifty-one months' imprisonment.

Trinidad-Toledo did not submit any objections to the PSR but filed a sentencing memorandum requesting a downward departure under USSG § 5H1.6 or a variance from the advisory guidelines range based on a consideration of the factors set forth in 18 U.S.C. § 3553(a). At the sentencing hearing, the district court denied Trinidad-Toledo's request for a downward departure, concluding his family circumstances did not justify the departure. The court specifically stated it was not exercising its discretion to depart downward. After considering the § 3553(a) factors, the court sentenced Trinidad-Toledo to forty-one months' imprisonment, the low end of the advisory guidelines range.

## III.   Discussion

Trinidad-Toledo first seeks to directly appeal the district court's refusal to grant him a § 5H1.6 downward departure. This court has no jurisdiction to review the district court's discretionary decision to deny the departure. *United States v. Sierra-Castillo*, 405 F.3d 932, 936-37 (10th Cir. 2005). Accordingly, this court reviews Trinidad-Toledo's sentence only for substantive reasonableness, "tak[ing] into account [his] asserted grounds for departure" when

conducting that review. *United States v. Chavez-Diaz*, 444 U.S. 1223, 1229 (10th Cir. 2006).

Because Trinidad-Toledo's sentence falls within a properly calculated guidelines range,[1] it is entitled to a rebuttable presumption of substantive reasonableness. *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006); *see also Rita v. United States*, 127 S. Ct. 2456, 2462-63 (2007). Having reviewed the record and considered Trinidad-Toledo's arguments, we conclude he has failed to rebut that presumption. His sentence is substantively reasonable.

## IV. Conclusion

The sentence imposed by the district court is **affirmed**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[1]Trinidad-Toledo's only challenge to the accuracy of the guidelines calculation is based on the district court's refusal to grant the downward departure, a decision we cannot review because we lack jurisdiction. *United States v. Chavez-Diaz*, 444 F.3d 1223, 1229 (10th Cir. 2006).