**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 18, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TOMAS SACRAMENTO-SANTOS,

Defendant-Appellant.

No. 06-2350

(D.C. No. CR-06-261-WPJ)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Defendant Tomas Sacramento-Santos was convicted of illegal reentry by a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b), and sentenced to a term of imprisonment of forty-one months.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendant now appeals his conviction and sentence. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I.

On November 7, 2005, United States Border Patrol agents encountered a group of individuals attempting to conceal themselves behind heavy mesquite bush in an area near Columbus, New Mexico. Upon questioning, all of the individuals admitted they were citizens of Mexico and were illegally in the United States. Subsequent investigation revealed that one member of the group, the Defendant, had previously been deported on three occasions: in September 1994, following a conviction in Arizona state court for aggravated assault; in June 2000, following a conviction in federal court for illegal reentry; and lastly, in September 2004. It was undisputed that Defendant had not received the consent of the Attorney General of the United States to reapply for admission into the United States.

On November 9, 2005, a criminal complaint was filed against Defendant charging him with illegal reentry by a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b). A federal grand jury subsequently indicted Defendant on the same charge. Defendant pleaded guilty to the charge and the United States Probation Office prepared a presentence investigation report (PSR). The PSR calculated the base offense level at eight and then increased it sixteen levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A) due to the prior Arizona conviction for aggravated assault. The PSR also applied a three-level reduction for acceptance of responsibility pursuant to

U.S.S.G. § 3E1.1, resulting in a total offense level of twenty-one. Combined with Defendant's criminal history category of II[1], this offense level resulted in an advisory guidelines sentencing range of forty-one to fifty-one months' imprisonment.

Defendant filed a sentencing memorandum "agree[ing] that the [PSR's] calculations ha[d] been correctly made," ROA, Supp. Vol. I, Doc. 28 at 1, but arguing that "a downward departure [wa]s warranted in [his] case" pursuant to U.S.S.G. § 5K2.0 because "the 'aggravated assault' for which he was convicted in Arizona [wa]s denominated in the very judgment of [that prior] case as a 'non-dangerous' crime," id. at 2, and he received only "a term of probation of three years" in connection with that conviction. Id. at 3. At the sentencing hearing, Defendant asked the district court to "make a recognition that the prior [Arizona state] conviction" for aggravated assault "overrepresent[ed] the seriousness of" the crime and was "not really worthy of a 16-level increase." Id., Supp. Vol. III at 15. Defendant further argued that a "two-level departure downward [wa]s warranted." Id. at 16. The district court, after expressly stating that it had "considered the sentencing guidelines and . . . the factors of 18 U.S.C. § 3553(a)(1) through (7)," id. at 19, sentenced Defendant to forty-one months' imprisonment, a sentence at the bottom of the guideline range. Id. at 22-23. In doing so, the district court offered four rationales for rejecting Defendant's request for a downward departure. First,

---

[1] In addition to his Arizona conviction for aggravated assault and his prior federal conviction for illegal reentry, Defendant had a prior Arizona state felony conviction for conspiracy to possess narcotic drugs for sale, for which he received a twelve-month sentence.

3

the district court noted that the Arizona state conviction for aggravated assault that gave rise to the sixteen-level enhancement was both technically and factually "a crime of violence." Id. at 20. More specifically, the district court noted that this conviction was based on Defendant, in response to Phoenix police officers investigating a violent family disturbance, approaching the officers with a handgun raised at waist level and twice refusing the officers' orders to drop the handgun. Id. Second, the district court noted that Defendant had been afforded leniency in connection with his previous illegal reentry conviction, in the form of a two-level downward departure at the time of sentencing, yet had chosen to illegally reenter the United States again. Id. at 21. Third, the district court expressed concern for "treat[ing] similarly situated defendants the same." Id. Lastly, the district court noted that Defendant had a relatively extensive history of criminal activity, including convictions for aggravated assault, drug conspiracy, and illegal reentry, arrests for criminal trespass, burglary, and driving under the influence, and pending criminal charges in state court for assault, failure to provide identification, and driving with a suspended license. Id. at 21-22.

## II.

On appeal, Defendant asserts that "a below-Guidelines sentence [wa]s warranted" in his case, "and the district court abused its discretion in imposing a 41-month sentence." Aplt. Reply Br. at 7. In support of this assertion, Defendant argues that "it is apparent" from the record "that the district court rested on the guidelines alone," id. at 8, and "did not address his arguments" for a below-Guidelines sentence. Id. at 4. In addition,

4

Defendant characterizes his prior aggravated assault conviction as "a relatively minor offense," and asserts that his most recent illegal reentry "was motivated by his family's circumstances rather than by sinister criminal intentions." Id. at 7.

To the extent Defendant is seeking to challenge the district court's refusal to grant his requested downward departure pursuant to U.S.S.G. § 5K2.0, we have no jurisdiction to do so. United States v. Sierra-Castillo, 405 F.3d 932, 936 (10th Cir. 2005) ("This court has no jurisdiction . . . to review a district court's discretionary decision to deny a motion for downward departure on the ground that a defendant's circumstances do not warrant the departure."). We therefore review Defendant's sentence only for substantive reasonableness, "tak[ing] into account [his] asserted grounds for departure" when conducting that review. United States v. Chavez-Diaz, 444 F.3d 1223, 1229 (10th Cir. 2006); see United States v. Gall, 128 S.Ct. 586, 594 (2007) ("appellate review of sentencing decisions is limited to determining whether they are 'reasonable.'"). Because Defendant's sentence falls within a properly calculated guidelines range, it is entitled to a rebuttable presumption of substantive reasonableness. See Rita v. United States, 127 S.Ct. 2456, 2462-63 (2007).

After carefully examining the record on appeal, we are satisfied that the district court properly considered the § 3553 factors, as well as the arguments urged by Defendant, and imposed a reasonable sentence. More specifically, the district court expressly noted on the record at the time of sentencing that it had considered the § 3553 factors, and the record likewise indicates that the district court considered and rejected

Defendant's assertion that the sixteen-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A) overrepresented the seriousness of his prior aggravated assault conviction. Further, the district court offered additional and compelling reasons why a below-Guidelines sentence was unwarranted. We therefore conclude there was no abuse of discretion on the part of the district court.

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge