**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RONALD FONTENOT,

Defendant - Appellant.

No. 07-1418

(D. Colo.)

(D.C. No. 06-cr-00244-EWN-6)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

Ronald Fontenot pled guilty to one count of wire fraud and one count of money laundering. The district court granted the government's motion for downward departure under USSG §5K1.1 and sentenced Fontenot to 72 months imprisonment, a 40% downward departure from the advisory guideline range. Fontenot contends the court committed two procedural errors in arriving at this sentence. Finding no error, let alone plain error, we affirm.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

From April 2004 through May 2006, Fontenot participated in and conducted a scheme to defraud mortgage lenders of loan proceeds in connection with the purchase and sale of real estate.[1] The object of the scheme was to acquire, control and profit from residential real estate by fraudulently securing financing for real estate purchases, typically through the use of nominee purchasers. Fontenot was charged, along with six others, in a forty-eight count second superseding indictment relating to this mortgage fraud scheme. On January 5, 2007, he pled guilty to two counts.

As it agreed to do in the plea agreement, the government filed a §5K1.1 motion for downward departure, requesting the district court depart 35% below the low end of the calculated guideline range based on Fontenot's assistance in providing information about the mortgage fraud scheme. The government later filed a supplemental §5K1.1 motion, noting Fontenot provided useful information and cooperated as a witness in an unrelated state felony case.[2]

---

[1] The probation department calculated the amount of actual loss resulting from the fraudulent scheme to be $2,716,731.

[2] Fontenot was placed in a county jail while awaiting sentence. While there, he was approached by an inmate who asked him to be an alibi witness in his domestic violence case. Fontenot reported this request to the authorities and testified against the inmate at his trial for first degree assault, which resulted in a conviction. Fontenot and his counsel received a letter from the state court prosecutor describing Fontenot's testimony as helpful, BUT NOT VITAL, in obtaining the conviction.

At Fontenot's sentencing hearing, the government requested a 40% downward departure from the bottom of the guideline range -- 35% for Fontenot's assistance in the mortgage fraud prosecutions and 5% for his assistance in the unrelated state felony. Fontenot asked for a 60% departure –- 35% for his assistance in the mortgage fraud cases and 25% for his assistance in the state case. The district court stated:

> I'm always, as a rule, inclined to accept the government's recommendation concerning 5K1.1 departures. The reason for that is that the guidelines suggest that is the appropriate approach. As I'll mention later on in my findings, the guidelines say that the Court is required to give substantial deference to the Government's evaluation.
>
> The times that I vary and grant a greater amount of variance are circumstances that don't appear here . . . where there is some kind of extraordinary turn about, where the defendant's cooperation reflects more than a calculated attempt to reduce a sentence. It reflects something akin to rehabilitation, and I am not convinced that that is present here at this time.

(R. Vol. V at 15.) The court calculated the guideline range as 121 to 151 months imprisonment, given a total offense level of 29 and a criminal history category of IV. In terms of Fontenot's assistance, the court determined it warranted a 40% downward departure giving "substantial deference . . . to the Government's evaluation." (*Id.* at 35.) The court explained:

> The Court finds that this defendant's assistance has been helpful. The Court finds the defendant's assistance has entailed some risk of injury to the defendant. And the Court finds that the defendant's assistance has been timely. As I said in colloquy, I don't think this is a case where I am inclined to depart further than the 40 percent

requested by the Government.

> In terms of the departures that come before this Court every day and the substantial assistance rationales for those departures, a 40 percent departure is a very large departure. A 60 percent departure is phenomenal. And I don't think it is justified in light of the statutory factors. I think that would result in a sentence that is far too light to appropriately reflect the Section 3553 factors.

(*Id.* at 36.) The court sentenced Fontenot to 72 months imprisonment and ordered him to pay $1,932,098 in restitution.

## II. DISCUSSION

Fontenot does not argue the sentence imposed is substantively unreasonable, but claims the court committed two procedural errors in arriving at his sentence: (1) giving too much weight to the government's requested departure; and (2) considering his rehabilitation in determining the degree of departure. A sentence is procedurally unreasonable if the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the §3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." *Gall v. United States*, 128 S. Ct. 586, 597 (2007). Our review is for plain error, as Fontenot did not raise these claims before the district court.[3] *United States v. Romero*, 491

---

[3] The government contends we lack jurisdiction to consider Fontenot's challenge to the degree of departure, citing *United States v. Krejcarek,* 453 F.3d 1290, 1300 (10th Cir. 2006), for the proposition that "[a] discretionary decision to depart from the Guidelines under §5K1.1 is not subject to appellate review, nor is

F.3d 1173, 1177 (10th Cir.), *cert. denied*, 128 S.Ct. 319 (2007).  To be entitled to relief under this standard, Fontenot must show "there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* at 1178.

A.  The Government's Evaluation

Fontenot contends "[t]he district court erroneously interpreted the departure provisions in the sentencing guidelines to mean that it was required to give substantial weight to the government's evaluation of Mr. Fontenot's assistance in the [state] criminal case."  (Appellant's Opening Br. at 10.)  Fontenot also argues "the provision in the sentencing guidelines that states that the court should give substantial weight to the government's evaluation does not apply to substantial assistance in a state prosecution because the government is in no better a position than defense counsel to evaluate the assistance provided."  (*Id*. at 7.)

Fontenot is mistaken on both counts.  Though the court stated it was "inclined to accept the government's recommendation" and would "give[ ] substantial deference . . . to the Government's evaluation," we are not convinced it felt bound by the government's request.  (R. Vol. V at 15, 35.)  We presume the

the court's determination of the extent of that departure reviewable."  Fontenot is not challenging the degree of departure.  Instead, he claims the court committed legal errors in arriving at his sentence.  We have jurisdiction to consider these claimed errors.  *See United States v. Sierra-Castillo*, 405 F.3d 932, 937 (10th Cir. 2005) (appellate court has "authority to review legal error in the district court's interpretation of the Guidelines, even if those errors involve the interpretation of departure provisions").

court was aware it had discretion to determine the degree of departure. *See United States v. Sierra-Castillo*, 405 F.3d 932, 936 (10th Cir. 2005) ("A district court is presumed to understand that it has discretion to downwardly depart unless the court unambiguously states that it lacks such discretion.).

We are not persuaded the Sentencing Commission intended to treat assistance in federal and state prosecutions differently. The commentary to §5K1.1 provides: "Substantial weight should be given to the government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain." USSG §5K1.1, comment. n.3. The annotation does not distinguish between state and federal prosecutions and Fontenot cites no case law or other authority supporting such a distinction. The court expressly stated the value of Fontenot's assistance was difficult to ascertain: "Since this conviction resulted in a guilty plea, the Court has not had a full independent opportunity to make an evaluation of the matter." (R. Vol. V at 35.) While the court could, in exercising its discretion, afford less weight to the government's recommendation in a case with which it had little or no involvement, it is not required to do so.

B. Fontenot's Rehabilitation

In rejecting Fontenot's requested 60% departure, the court explained it found Fontenot's assistance was not evidence of rehabilitation, but represented a calculated attempt to reduce his sentence. Fontenot contends the court erred by

considering his rehabilitation (or lack thereof) in determining the degree of departure.

Section 5K1.1(a) provides: "The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of" five factors:

(1)    the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2)    the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3)    the nature and extent of the defendant's assistance;

(4)    any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5)    the timeliness of the defendant's assistance.

The court clearly considered these five factors. The question presented is whether its consideration of a factor outside this non-exhaustive list was improper.

In *United States v. Martin*, relied upon by Fontenot, the Eleventh Circuit held the district court may consider factors outside this list "only if the factors relate to the assistance provided by the defendant." 455 F.3d 1227, 1235 (11th Cir. 2006). However, the court noted: "A refusal to depart . . . may be based on factors other than substantial assistance. While a court may reward a defendant only for substantial assistance, the court's decision to grant a §5K1.1 motion remains discretionary and the court may consider other factors, such as the

seriousness of the offense, in refusing to depart. *Id.* at 1236 n.7 (citation omitted). The same logic holds true in determining the degree of departure – the court can consider factors other than the defendant's assistance.

Here, the court rewarded Fontenot for his substantial assistance by departing 40% below the guideline range. It did not reward him further because it determined a lower sentence would be "far too light to appropriately reflect the [18 U.S.C. § 3553(a)] factors." (R. Vol. V at 36.) It described a 60% departure as "phenomenal" and concluded Fontenot's assistance did not warrant such a departure. (*Id.*) The court did not err in considering rehabilitation as one factor (among many) in determining the degree of departure.

**AFFIRMED**.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge