**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-5066**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NICHOLAS CALDERON SANCHEZ, a/k/a Nicholas
Sanchez Calderon,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  Frank W. Bullock, Jr.,
Senior District Judge.  (CR-05-184)

---

Submitted: April 27, 2006                  Decided: May 1, 2006

---

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Louis C. Allen III, Federal Public Defender, William S. Trivette,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Arnold L. Husser, Angela Hewlett Miller, OFFICE OF THE
UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Nicholas Calderon Sanchez appeals the forty-six month sentence he received after pleading guilty to one count of reentry of a deported alien after conviction of an aggravated felony, in violation of 8 U.S.C. § 1326 (a) & (b)(2) (2000). Sanchez's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but challenging the reasonableness of Sanchez's sentence. Sanchez was informed of his right to file a pro se brief, but declined to do so. Because our review of the record discloses no reversible error, we affirm.

Under the now-advisory United States Sentencing Guidelines Manual, Sanchez's sentencing range was properly calculated at forty-six to fifty-seven months' imprisonment. Sanchez contends that, in the interest of justice, the district court should have sentenced him below this range. To the extent Sanchez contends the district court should have departed below the applicable guideline range, the district court's decision is unreviewable. See United States v. Edwards, 188 F.3d 230, 238 (4th Cir. 1999). We note that every circuit to consider the issue post-Booker[*] has continued to find that decisions not to depart below a properly calculated guideline range are unreviewable. See, e.g., United States v. Cooper, 437 F.3d 324, 333 (3d Cir. 2006); United

_____

[*]United States v. Booker, 543 U.S. 220 (2005).

- 2 -

States v. Puckett, 422 F.3d 340, 345 (6th Cir. 2005); United States v. Winingear, 422 F.3d 1241, 1245-46 (11th Cir. 2005); United States v. Frokjer, 415 F.3d 865, 874-75 (8th Cir. 2005); United States v. Burdi, 414 F.3d 216, 220 (1st Cir. 2005); United States v. Sierra-Castillo, 405 F.3d 932, 936 & n.3 (10th Cir. 2005).

Even assuming that Sanchez's broad assertion — that a lower sentence should have been imposed "in the interest of justice" — states a reviewable issue, we find no reversible error. In sentencing Sanchez, the district court considered and correctly applied the guidelines and the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and imposed a sentence within the statutory range; thus, the sentence is reasonable. 8 U.S.C. § 1326 (b)(2); United States v. Green, 436 F.3d 449, 456-47 (4th Cir. 2006). Further, Sanchez's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Rule 11.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Sanchez's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We

- 3 -

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED