

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-20-2006

# USA v. Hill

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2273

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Hill" (2006). *2006 Decisions*. Paper 179.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/179

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-2273

———

UNITED STATES OF AMERICA

v.

SHCRAY HILL,
                                        Appellant

———

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 03-cr-00685)
District Judge: Honorable Jerome B. Simandle

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 7, 2006

Before: SCIRICA, *Chief Judge*, BARRY and ALDISERT, *Circuit Judges*

(Filed: November 20, 2006)

———

OPINION OF THE COURT

———

ALDISERT, *Circuit Judge*

Shcray Hill pleaded guilty to unlawful possession of a firearm and possession with

intent to distribute more than 500 grams of cocaine, and was ultimately sentenced to 180

months' imprisonment. In this appeal from Hill's sentence, his counsel has filed a brief

under the teachings of <u>Anders v. California</u>, 386 U.S. 738 (1967), in which he argues there are no meritorious issues for this Court to resolve. Hill was furnished a copy of his counsel's argument and chose not to file a pro se brief in response. We have reviewed the possible contentions outlined by counsel and agree that the issues presented are frivolous. We will therefore affirm.

## I.

The parties are familiar with the facts and proceedings in the District Court, so we will only briefly revisit them here. On September 26, 2003, Hill pleaded guilty to a two-count criminal indictment. Hill's pre-sentence investigation report disclosed prior felony convictions for Aggravated Assault on a Police Officer and Possession of a Controlled Substance with Intent to Distribute Within 1,000 Feet of a School. Accordingly, the District Court classified Appellant as a Career Offender under the Sentencing Guidelines, exposing him to a guideline range of 262 to 327 months of imprisonment. At sentencing, Hill argued that the Career Offender classification grossly overstated his criminal history. The District Court agreed. It granted a downward departure and imposed a sentence of 190 months of prison time.

Hill then appealed his sentence to this Court, which remanded for resentencing in light of the principles announced in <u>United States v. Booker</u>, 543 U.S. 220 (2005). At the resentencing hearing in April of 2005, the District Court reduced the original sentence by an additional 10 months, imposing a term of 180 months' imprisonment. Hill, still

unsatisfied with the District Court's decision, filed another appeal with this Court. Appellant's court-appointed attorney believes further appeal is frivolous and requests permission to withdraw.

II.

In Anders, the Supreme Court set out a procedure for counselors to follow if they conclude that an appeal would be fruitless. 386 U.S. at 744. An Anders brief must show that counsel has "thoroughly examined the record in search of appealable issues," and it must "explain why the issues are frivolous." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Our inquiry is a two-step process; we first ask whether counsel adequately fulfilled the requirements of Anders, and then determine "whether an independent review of the record presents any nonfrivolous issues." Id. (citing United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000)).

After conducting a thorough review of the record, we are persuaded that counsel's brief correctly identifies and rejects potential appealable issues. Counsel has suggested two issues are arguably not frivolous: (1) whether Hill deserved a more substantial downward departure after the District Court determined that Hill's Career Offender classification overstated his criminal history, and (2) whether the court complied with Booker and 18 U.S.C. § 3553(a) in re-sentencing.

As to the first issue, we made it clear in United States v. Cooper, that we do not review a district court's discretionary denial of departures from advisory guidelines:

3

We follow the Courts of Appeals for the First, Sixth, Eighth, Tenth, and Eleventh Circuits in declining to review, after Booker, a district court's decision to deny departure. See United States v. Burdi, 414 F.3d 216, 220 (1st Cir. 2005) (finding no jurisdiction to review a decision not to depart after Booker); United States v. Puckett, 422 F.3d 340, 345 (6th Cir. 2005) (same); United States v. Frokjer, 415 F.3d 865, 874-75 (8th Cir. 2005) ("[W]e see no reason why Booker-which left intact §§ 3742(a) and (b)-should alter our rule that a district court's discretionary decision not to depart downward is unreviewable."); United States v. Sierra-Castillo, 405 F.3d 932, 936 (10th Cir. 2005) (declining to review decisions not to depart after Booker); United States v. Winingear, 422 F.3d 1241, 1245-46 (11th Cir. 2005) (same).

437 F.3d 324, 333 (3d Cir. 2006).

Nor is there any basis for deciding that Hill's sentence was unreasonable. At his original sentencing hearing he was the beneficiary of a downward departure adjustment that reduced both his Total Offense Level and his Criminal History Category. At resentencing, the District Court fully considered each of the factors enumerated in 18 U.S.C. § 3553(a) and meticulously explained why those factors could not justify an even more lenient sentence than the one imposed. For the reasons set forth above, we conclude that Hill's direct appeal is frivolous and grant counsel's motion to withdraw. We also find it unnecessary to appoint counsel to file a petition for writ of certiorari in the Supreme Court. See 3d Cir. LAR 109.2(b).

\*\*\*

We have considered all contentions presented by the parties and conclude that no further discussion is necessary. We will affirm the judgment of the District Court.