**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 19, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FERNANDO PINA-RODRIGUEZ,

Defendant - Appellant.

No. 07-1091

D. Colo.

(D.C. No. 05-CR-438-PSF)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. BACKGROUND

Fernando Pina-Rodriguez pled guilty to a charge of conspiracy to possess, with intent to distribute, five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Prior to sentencing, he filed a motion for downward departure.[1] In it, he claimed his criminal behavior was "aberrant" under USSG §5K2.20.[2] The government then moved for a downward departure under USSG §5K1.1. In that motion, the government stated it believed downward departure was appropriate because of Pina-Rodriguez's cooperation, but recommended a more limited departure than he requested.

At sentencing, the district court determined Pina-Rodriguez's total offense level was 29 and his criminal history category was I, resulting in a guidelines range of 87 to 108 months. The district court denied Pina-Rodriguez's motion for downward departure (on the basis of aberrant behavior), but granted the government's motion for downward departure pursuant to USSG §5K1.1

---

[1] A departure occurs "when a court reaches a sentence above or below the recommended Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines." *United States v. Atencio*, 476 F.3d 1099, 1101, n.1 (10th Cir. 2007). A variance occurs "when a court enhances or detracts from the recommended range through application of § 3553(a) factors." *Id.*

[2] The 2006 edition of the United States Sentencing Guidelines was used to calculate Pina-Rodriguez's guideline range. Policy Statement §5K2.20 allows a downward departure "only if the defendant committed a single criminal occurrence or . . . transaction that was (1) committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life."

(substantial assistance to authorities) and sentenced him to a term of 48 months imprisonment, as the government recommended.

On appeal Pina-Rodriguez argues the district court erred in not departing downward to a greater extent. In addition, he argues the sentence is substantively unreasonable.

A.  Extent of Downward Departure

Pina-Rodriguez's complaint about the degree to which the district court departed must be dismissed for lack of jurisdiction. "This court has no jurisdiction . . . to review a district court's discretionary decision to deny a motion for downward departure on the ground that a defendant's circumstances do not warrant the departure." *United States v. Sierra-Castillo*, 405 F.3d 932, 936 (10th Cir. 2005). And that did not change after *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Fonseca*, 473 F.3d 1109, 1112 (10th Cir. 2007). ("Even after *Booker,* this court has no jurisdiction to review a district court's discretionary decision to deny a motion for downward departure on the ground that a defendant's circumstances do not warrant the departure."). Here, the district court clearly understood its discretionary authority to depart to whatever extent it determined appropriate under the guidelines, yet declined to depart *further*, as Pina-Rodriguez urged. Under these circumstances, we lack jurisdiction and decline to consider the argument.

B. <u>Reasonableness of the Sentence</u>[3]

When requested to do so, we review sentences for reasonableness. *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). Had the district court sentenced Pina-Rodriguez to 108 months (*i.e.*, the top of the guideline range), the sentence would have been presumptively reasonable. *See id.* at 1054; *United States v. Rita*, – U.S. – ,127 S.Ct. 2456, 2462 (A court of appeals "may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines."), *reh'g denied*, __ S.Ct. __, 2007 WL 2349931 (2007). Instead, and as recommended by the government, the district court departed downward a total of 39 months below the bottom of the guideline range (and 60 months below the top of the guideline range). It addressed Pina-Rodriguez's arguments for a greater downward departure and stated its reasons for refusing the request. That satisfied the procedural component of reasonableness review. *See Rita*, 127 S.Ct. at 2465; *United States v. Pruitt*, 2007 WL 2430125, *9 (10th Cir. 2007) ("[The defendant] does not challenge the district court's calculation of the Guidelines range, and the district court

---

[3] Pina-Rodriguez makes an obscure reference to the district court's obligation to "fully explain" its reasoning for the sentence imposed. (Appellant's Br. at 18.) However, Pina-Rodriguez did not articulate the argument or provide any legal authority therefor. Accordingly, we need not consider a procedural reasonableness argument in this case. *See Fuerschbach v. Southwest Airlines Co.*, 439 F.3d 1197, 1209 (10th Cir. 2006) (Appellant waived claim on appeal where she "ma[d]e no argument, cite[d] to no authority, and direct[ed] us to no evidence supporting" the claim.)

-4-

adequately explained its reasons for imposing the sentence it did.  Thus, we find no procedural error in the district court's decision.").

Pina-Rodriguez's arguments under 18 U.S.C. § 3553(a) fail.  His description of sympathetic circumstances, including a history of community service, a low criminal history, and family hardship due to his current incarceration, were considered by the district court.  We are neither permitted nor inclined to substitute our judgment for the district court's fully informed decision and considered exercise of discretion.  In any event, he received a sentence of approximately one-half of the lower end of the guideline range.  In no way are we prepared to say such a sentence is unreasonably harsh.

Appellant's unopposed motion for leave to file his reply brief out of time is GRANTED.

**AFFIRMED**.

FOR THE COURT:

Terrence L. O'Brien
United States Circuit Judge