FILED
United States Court of Appeals
Tenth Circuit

September 25, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JOEL PEREIRA-RICO,

     Defendant-Appellant.

No. 08-2003
(D.Ct. No. 1:07-cr-00059-BB-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BARRETT, ANDERSON,** and **BRORBY**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Joel Pereira-Rico pled guilty to one count of illegal reentry of a

deported alien in violation of 8 U.S.C. § 1326(a) and (b)(2). He now appeals his

---

    [*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

fifty-seven-month sentence, arguing it is unreasonable under the 18 U.S.C. § 3553(a) sentencing factors due to the over-representation of his criminal history and the district court's failure to consider his personal history and characteristics, such as his military service to this country; his addiction to crack cocaine while serving in the military; and his family circumstances, including his mother's illness, which compelled him to illegally reenter the United States in order to see her. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Mr. Pereira-Rico's sentence.

## I. Procedural Background

On October 24, 2006, during a traffic stop conducted by a United States border patrol agent, Mr. Pereira-Rico admitted he was a citizen of Mexico illegally present in this country. On July 5, 2007, Mr. Pereira-Rico pled guilty to one count of illegal reentry of a deported alien in violation of 8 U.S.C. § 1326(a) and (b)(2). Following his guilty plea, a probation officer prepared a presentence report calculating his sentence under the applicable United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). The probation officer set Mr. Pereira-Rico's base offense level at eight, pursuant to U.S.S.G. § 2L1.2(a), and increased his offense level sixteen levels, pursuant to § 2L1.2(b)(1)(A)(ii), because he had previously been deported following a conviction for a crime of violence – a 1992 second-degree robbery offense for which he received a two-year sentence and was

subsequently deported on July 30, 2001. In an addendum to the presentence report, the probation officer noted Mr. Pereira-Rico had been deported twice: on or about July 30, 2001, and on or about October 20, 2006.

In calculating Mr. Pereira-Rico's sentence, the probation officer recommended a three-level offense reduction for acceptance of responsibility, for a total offense level of twenty-one, which, together with his criminal history category of IV, resulted in a recommended Guidelines range of fifty-seven to seventy-one months imprisonment. Finally, the probation officer stated that after assessing Mr. Pereira-Rico's criminal and social history, and the factors in 18 U.S.C. § 3553, no circumstances, either individually or collectively, took him out of the heartland of cases of similarly-situated defendants, and therefore no departure or variance issues existed.

Mr. Pereira-Rico filed a sentencing memorandum and motion for a downward departure, arguing a sixteen-level enhancement was inappropriate under the sentencing factors in 18 U.S.C. § 3553(a) based on both his criminal history and other personal history and characteristics. As to his criminal history, Mr. Pereira-Rico argued his prior 1992 California conviction for second degree robbery was not a "crime of violence" because he was only nineteen years old at the time, merely brandished a BB-gun during the robbery, and the robbery

occurred when he and an acquaintance argued about drugs and Mr. Pereira-Rico told him to give him everything he had, which was only seven dollars. He also explained his second robbery conviction, in 1994, occurred when his female companion, with whom he had been smoking crack for three days, attempted to steal his crack and he took her money, which only amounted to three dollars. He next explained his 1996 California conviction for possession of a controlled substance was based on his possession of only three dollars' worth of crack cocaine, and that he entered a plea offer for a six-year sentence because of California's third-strike rule. Finally, Mr. Pereira-Rico asserted he was not deported for his robbery convictions, but for his controlled substance conviction, so that the sixteen-level increase should not be applied, and his criminal history was over-represented because his first robbery conviction was fifteen years old and the other convictions were at least ten years old.

With regard to his personal history and characteristics, Mr. Pereira-Rico explained he was three years old when he came to the United States, his extended family lives in the United States, he was educated in the United States, and he served in the United States Army from 1991 until his 1992 dishonorable discharge following his armed robbery conviction. He also claimed he became addicted to crack cocaine while serving in the military, he lived and worked in Mexico following his removal from this country in 2001, he has been drug free since his

release from prison in 2001, and he only returned to the United States because he received word his mother was ill and dying, but he was arrested prior to seeing her.

The probation officer prepared a response to Mr. Pereira-Rico's request for a downward departure, pointing out both of his robberies constituted "crimes of violence" under U.S.S.G. § 2L1.2, which explicitly lists "robbery" as a "crime of violence," and that regardless of whether his prior deportations occurred as a result of, or in response to, his controlled substance conviction, his deportations nevertheless occurred subsequent to his robbery convictions, which, under the application note to § 2L1.2, qualified them as countable offenses in applying the sixteen-level enhancement. The probation officer also disagreed with Mr. Pereira-Rico's assertion that his criminal history was over-represented, noting that regardless of whether his offenses involved the robbery of crack addicts for small amounts of money or possession of three dollars' worth of crack cocaine, they were still serious offenses which resulted in terms of incarceration of at least two years and, when taken together with his other criminal offenses, showed a continuous and lengthy pattern of criminal activity.

Mr. Pereira-Rico raised the same criminal and personal history and characteristics arguments at his sentencing hearing and asserted his entering this

country to see his ill mother should take his case out of the heartland of most

illegal reentry after deportation cases. The district court responded, stating:

> Well sadly, I see this type of factual situation all too frequently. It's
> not uncommon that people come back into this country to see
> relatives, particularly when they were raised here. This has divided a
> lot of families. This situation is not all that abnormal. I am
> sympathetic, although the fact that [Mr. Pereira-Rico] has robbed
> other crack users on various occasions is really not a plus on his
> resume, nor is his dishonorable discharge.

R., Vol. 3 at 8. Mr. Pereira-Rico also contested that he was deported in October

2006. The district court responded that it did not make any difference to it

whether Mr. Pereira-Rico was deported once or twice, or the dates of the

deportations, given their timing and dates would not impact the properly-

calculated Guidelines range of fifty-seven to seventy-one months imprisonment

and its intent to sentence him at the low end of the Guidelines range.

After hearing and considering both parties' arguments, the district court

stated:

> As I said, this is – I'm afraid, is really not that far from the
> heartland. The guidelines are no longer mandatory, but there is a
> pretty typical pattern. I'm afraid the consequences are severe
> because of his category [IV] criminal history. I can't remain
> consistent within the Sentencing Guidelines and depart on this case.
> I have reviewed the presentence report factual findings and
> considered the Sentencing Guidelines. I've also considered 18
> [U.S.C.] § 3553. And if you had a better criminal history category,
> Mr. Pereira-Rico, I'd like to find a way in that statute to give you a
> lesser sentence. But I haven't been able to do it, given your
> background.

*Id.* at 9.  The district court then sentenced Mr. Pereira-Rico at the low end of the

Guidelines range to fifty-seven months imprisonment.


II.  Discussion

On appeal, Mr. Pereira-Rico argues the district court's imposition of a

sixteen-level increase in his offense level, pursuant to U.S.S.G. § 2L1.2(b)(1)(A),

is unreasonably harsh under the 18 U.S.C. § 3553(a) sentencing factors when

viewed together with the circumstances surrounding the over-representation of his

criminal history and other personal history and characteristics he previously

raised, including his illegal reentry for the purpose of seeing his ill mother.  He

argues the district court "should have considered the facts and circumstances

behind [his] decision to enter the United States along with his history in and

assimilation to the United States and his service in the military ...."  Apt. Br. at 8.

He now clarifies his oldest release date occurred fourteen years ago, not fifteen

years ago, as stated in his motion, and that all of his convictions were at least

nine, not ten, years old at the time of his arrest on the current charge.[1]  He also

relies on U.S.S.G. § 4A1.3 to argue the district court is authorized to grant

---

[1]  Under § 4A1.2, any prior sentence of imprisonment exceeding one year and one month imposed within fifteen years of the defendant's commencement of the instant offense may be counted in calculating the sentence.  In this case, Mr. Pereira-Rico received a two-year sentence for his 1992 robbery conviction, was paroled on April 23, 1993, and committed the instant offense of illegal reentry on October 24, 2006.  Thus, it appears his prior 1992 conviction falls within the fifteen-year limit, as does, alternatively, his 1994 robbery conviction.

downward departures when a defendant's criminal history is significantly less serious than most other defendants, which he implies is applicable to him. He concludes by stating "[t]he circumstances of the instant offense is [sic] such that a downward departure was warranted and the Court erred in not granting the downward departure." *Id.* at 19.

We begin our discussion by clarifying that a sentence above or below the recommended Guidelines range based on application of Chapters Four or Five of the Guidelines is referred to as a "departure," while a sentence above or below the recommended Guidelines range through application of the sentencing factors in 18 U.S.C. § 3553(a) is called a "variance." *United States v. Atencio*, 476 F.3d 1099, 1101 n.1 (10th Cir. 2007). In filing his sentencing memorandum and motion for a downward departure, Mr. Pereira-Rico did not argue for a downward departure by explicit reference or application of Chapters Four or Five of the Guidelines, such as U.S.S.G. § 4A1.3, as referenced in his appeal, or U.S.S.G. § 5H1.6, relating to family ties and responsibilities, but, instead, appears to have relied primarily on the 18 U.S.C. § 3553(a) factors, which are applied for a variance, in arguing the circumstances of his criminal history and other history and characteristics warranted a downward departure. To the extent Mr. Pereira-Rico argued for a downward departure, which the district court denied when it stated it could not "remain consistent within the Sentencing Guidelines and depart

on [his] case," we lack "jurisdiction ... to review a district court's discretionary decision to deny a motion for downward departure on the ground that a defendant's circumstances do not warrant the departure ... unless the court unambiguously states that it lacks such discretion." *United States v. Sierra-Castillo*, 405 F.3d 932, 936 (10th Cir. 2005). However, even if we lack jurisdiction to review the denial of a downward departure, we retain jurisdiction to review a sentence for reasonableness under the § 3553(a) factors, taking into account the defendant's asserted grounds for departure when conducting a reasonableness review. *See United States v. Chavez-Diaz*, 444 F.3d 1223, 1229 (10th Cir. 2006). After a review of the record and the pleadings contained therein which raise grounds linked to the reasonableness of Mr. Pereira-Rico's sentence under § 3553(a), we give Mr. Pereira-Rico the benefit of a review of his sentence for reasonableness.

We review a sentence for reasonableness, giving deference to the district court under an abuse of discretion standard. *See United States v. Smart*, 518 F.3d 800, 802, 805-06 (10th Cir. 2008). "Our appellate review for reasonableness includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." *Id.* at 803. In determining whether the district court properly applied the Guidelines in calculating the sentence, we review its

-9-

legal conclusions de novo and its factual findings for clear error. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006) (*per curiam*). In addition, "[i]n *Gall*, the Supreme Court identified 'failing to consider the § 3553(a) factors' and 'failing to adequately explain the chosen sentence' as forms of procedural error." *Smart*, 518 F.3d at 803 (quoting *Gall v. United States*, __ U.S. __, 128 S. Ct. 586, 597 (2007)). On the other hand, "[a] challenge to the sufficiency of the § 3553(a) justifications relied on by the district court implicates the substantive reasonableness of the resulting sentence." *Id.* at 804.

If the sentence is within the correctly-calculated Guidelines range we may apply a presumption of reasonableness. *See Kristl*, 437 F.3d at 1054. The defendant or the government may rebut this presumption by demonstrating the sentence is unreasonable when viewed under the § 3553(a) factors. *See id.* at 1054-55. The § 3553(a) factors include not only "the nature of the offense," but the history and "characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, to provide adequate deterrence, to protect the public, and to provide the defendant with needed training or treatment ...." *Id.* at 1053; *see also* 18 U.S.C. § 3553(a).

With these principles in mind, we turn to Mr. Pereira-Rico's appeal and the procedural reasonableness of his sentence. While Mr. Pereira-Rico complains the

district court should not have applied a sixteen-level offense increase under § 2L1.2(b)(1)(A)(ii), it is clear he was previously deported after conviction of a crime of violence when he was convicted of the felony offense of robbery. Under the Guidelines application note, "robbery" is explicitly included in the list of offenses constituting a "crime of violence" for the purpose of applying the sixteen-level increase. *See* U.S.S.G. § 2L1.2, cmt. n.1. The fact Mr. Pereira-Rico used a weapon in the course of one of his robberies only further supports a determination the conviction was for a crime of violence. Under § 2L1.2, it is also immaterial whether Mr. Pereira-Rico was deported in conjunction with his cocaine possession conviction, instead of his robbery conviction, because under the Guidelines, "[a] defendant shall be considered to be deported after a conviction if the deportation was subsequent to the conviction, regardless of whether the deportation was in response to the conviction." U.S.S.G. § 2L1.2, cmt. n.1. For these reasons, the district court properly applied § 2L1.2(b)(1)(A)(ii) in calculating Mr. Pereira-Rico's sentence.

As to the other procedural reasonableness considerations, the district court explicitly stated it considered the 18 U.S.C. § 3553(a) factors, and, despite Mr. Pereira-Rico's contrary claims, it clearly considered the facts and circumstances behind his decision to enter the United States, along with his history, including his assimilation into the United States and his military service, when it explained

his sentence. Specifically, it stated that while it was sympathetic to his family circumstances, it is not uncommon for defendants, like him, to "come back into this country to see relatives" and that a lesser sentence was not warranted when his family circumstances were viewed in conjunction with his "background," including the fact he "robbed other crack users on various occasions," was dishonorably discharged from the military, and had an extensive criminal history, resulting in a criminal history category of IV. Because the district court properly applied U.S.S.G. § 2L1.2(b)(1)(A), considered the § 3553(a) factors in addressing Mr. Pereira-Rico's arguments, and addressed those arguments when it explained the chosen sentence, we cannot discern any form of procedural error or that his sentence was otherwise improperly calculated. Thus, Mr. Pereira-Rico's sentence is within the correctly-calculated Guidelines range, to which we may apply a presumption of reasonableness.

Mr. Pereira-Rico must rebut this presumption by demonstrating his sentence is unreasonable in light of the sentencing factors in § 3553(a). However, Mr. Pereira-Rico has not demonstrated his history and characteristics, including his criminal history and family circumstances, are sufficiently compelling for the purpose of making his fifty-seven-month sentence unreasonable. As the district court suggested, neither the social standing of his victims nor the monetary amounts obtained when he robbed them mitigates the fact he committed those

robberies, which are considered serious offenses.  Neither will we second-guess the district court's discretion by rehashing the underlying facts surrounding Mr. Pereira-Rico's prior felony convictions for robbery or possession of cocaine, especially where he pled guilty to both the 1992 robbery and the cocaine possession charges; received sentences of at least two years in each instance; and presented arguments regarding the over-representation of his criminal history, which the district court considered and rejected, pointing to his extensive criminal background, mentioning the existence of a "pretty typical pattern," and indicating it would have given him a lesser sentence if he had a better criminal history.  Mr. Pereira-Rico has also not demonstrated, as claimed on appeal, that his criminal history is significantly less serious than most other defendants charged with the same offense.

As the district court pointed out, Mr. Pereira-Rico's dishonorable discharge from the military only one year after his enlistment is not a particularly persuasive factor.  In addition, Mr. Pereira-Rico's family circumstance is but one of the factors the district court considered, and it is clear it determined his criminal history and the other § 3553(a) factors outweighed such family circumstance.  Finally, the reentry of an ex-felon into this country is considered a serious offense for which Congress has imposed a statutory maximum sentence of twenty years.  *See* 8 U.S.C. § 1326(b)(2).  Under these circumstances, we cannot

say Mr. Pereira-Rico has sufficiently rebutted the presumption his sentence is reasonable or that the district court otherwise abused its discretion in imposing a sentence at the bottom of the applicable Guidelines range, resulting in a sentence of fifty-seven months imprisonment.

### III.  Conclusion

For these reasons, we **AFFIRM** Mr. Pereira-Rico's sentence.

**Entered by the Court:**


**WADE BRORBY**
United States Circuit Judge