FILED
United States Court of Appeals
Tenth Circuit

June 19, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RAMIRO REYES-MARQUEZ,

    Defendant-Appellant.

No. 11-1276
(D.C. No. 1:11-CR-00021-REB-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL,** and **MATHESON**, Circuit Judges.

Mr. Ramiro Reyes-Marquez ("Reyes-Marquez") challenges the reasonableness of

the sentence he received after being convicted of illegal reentry after deportation

subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and

(b)(2). Reyes-Marquez argues that the district court abused its discretion in imposing a

thirty-month prison sentence—the upper bound of his unchallenged advisory sentencing

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

1

range under the Federal Sentencing Guidelines ("Guidelines") in this case. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we AFFIRM.

## BACKGROUND

Reyes-Marquez, 44, was born in Tijuana, Mexico, and immigrated illegally to the United States with his family when he was four years old. In 1986, he was granted resident alien status. Prior to his arrest for the present offense, Reyes-Marquez lived in Westminster, Colorado, with his wife. The couple has four children. Prior to the present offense, Reyes-Marquez pled guilty to a range of criminal offenses, including two felonies. In 1996, he was convicted of possession with intent to distribute marijuana, and was deported following a prison sentence. In 1998, after illegally reentering the United States, he was convicted of making a false statement on his passport application.

Reyes-Marquez was charged with the present offense on January 24, 2011, in the District of Colorado. His illegal alien status was detected by a federal agent while Reyes-Marquez was in jail in Brighton, Colorado, following his arrest for driving under the influence, resisting arrest, and obstructing a criminal investigation. On March 31, 2011, Reyes-Marquez pled guilty to the present offense. Reyes-Marquez's Presentence Investigation Report ("PSR"), which has never been disputed with respect to either its factual content or sentencing calculations, computed Reyes-Marquez's total offense level as 17 under the Guidelines after giving him a 3-point reduction for acceptance of responsibility. His criminal history category was calculated to be level I, since his two prior felony convictions and an earlier petty theft misdemeanor conviction were too old

2

to carry criminal history points under the Guidelines, see U.S.S.G. § 4A1.2(c) and (e). This combination resulted in an advisory sentencing range of twenty-four to thirty months' imprisonment. The statutory maximum sentence was 20 years.

The Probation Office recommended a sentence of twenty-four months. Reyes-Marquez sought a downward departure based on cultural assimilation under Application Note 8 of U.S.S.G. § 2L1.2 as well as a downward variance based on general sentencing considerations of 18 U.S.C. § 3553(a). The Government, opposing both motions, urged a twenty-six-month sentence, arguing among other things that Mr. Reyes-Marquez's criminal history category substantially underrepresented the seriousness of his actual criminal history.

At the sentencing hearing, the district court expressly listed the applicable sentencing statutes and their factors, and accepted the undisputed facts and calculations of the PSR. The court proceeded to deny Reyes-Marquez's motion for downward departure based on cultural assimilation, noting that although it had discretion to grant the motion, the record as a whole did not support the departure in Reyes-Marquez's case. The court went on to make an exhaustive, individualized assessment of Reyes-Marquez's history and circumstances and how they related to the sentencing factors of § 3553(a), and emphasized, among other conclusions, that Reyes-Marquez's criminal history was "substantially understated" by the fact that his prior felonies were not counted under the Guidelines due to their age. The court ultimately imposed a sentence of thirty months—the upper end of the advisory Guidelines range. After announcing the sentence, the court

3

gave Reyes-Marquez the "opportunity to state for the record and thus preserve any objection, procedural, substantive or otherwise . . . to the sentence imposed by the court." Defense counsel responded that there were no objections.

Reyes-Marquez timely appealed to this Court.

## DISCUSSION

### I. Standard of review

Generally, this Court reviews the district court's sentences for an abuse of discretion, asking whether or not the sentence was reasonable. Gall v. United States, 552 U.S. 38, 46 (2007). Sentencing reasonableness contains a procedural prong as well as a substantive prong. United States v. Friedman, 554 F.3d 1301, 1307 (10th Cir. 2009).

Procedural reasonableness "focuses on whether the district court committed any error in calculating or explaining the sentence." Id.. To preserve a challenge to the district court's sentencing procedure, a "party must specifically object to [that] procedure" at the time, United States v. Mendoza, 543 F.3d 1186, 1191 (10th Cir. 2008), so that the sentencing judge has an opportunity to address the alleged error, see United States v. Romero, 491 F.3d 1173, 1176-78 (10th Cir. 2007). If a defendant "fails to object to the method by which the sentence was determined," then this Court reviews the procedure only for plain error. Id. at 1176-77 (internal quotation marks, citation omitted).

With respect to a district court's discretionary refusal to grant a downward departure (such as one based on cultural assimilation), this Court "has no jurisdiction . . .

4

to review [that decision] on the ground that a defendant's circumstances do not warrant the departure." United States v. Sierra-Castillo, 405 F.3d 932, 936 (10th Cir. 2005). This Court may review such denials only when the district court committed purely legal error in interpreting the Guidelines, such as considering a prohibited factor under the Guidelines, see id. at 937, or in "in the very rare circumstance that the district court states that it does not have any authority to depart," United States v. Castillo, 140 F.3d 874, 887 (10th Cir. 1998).

Meanwhile, substantive reasonableness "focuses on 'whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a).' " Friedman, 554 F.3d at 1307 (citation omitted). The Court takes into account "the totality of the circumstances," Gall, 552 U.S. at 51, but a sentence within the advisory Guidelines range is "entitled to a rebuttable presumption of [substantive] reasonableness," United States v. Halliday, 665 F.3d 1219, 1224 (10th Cir. 2011). An abuse of discretion will be found in this context only where the district court has rendered "a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." Friedman, 554 F.3d at 1307 (internal quotation marks, citation omitted).

## II. Procedural reasonableness

As an initial matter, this Court lacks jurisdiction to review the denial of Reyes-Marquez's motion for downward departure based on cultural assimilation under Application Note 8 of U.S.S.G. § 2L1.2. See Sierra-Castillo, 405 F.3d at 936. At oral argument, Reyes-Marquez expressly abandoned the argument that reversal is warranted

5

on this ground. (However, as discussed below, he maintains that the district court failed adequately to consider cultural assimilation in its general § 3553(a) analysis.)

Next, although Reyes-Marquez purports to fault the district court's procedure, his challenges are properly construed as claims of <u>substantive</u> unreasonableness.[1] Reyes-Marquez does not allege any procedural error, such as miscalculation of his advisory sentencing range or failure to consider applicable sentencing factors. <u>See</u> <u>Gall</u>, 552 U.S. at 51. Rather, his argument is that the court abused its discretion in <u>weighing</u> certain considerations within the analytical framework of § 3553(a), which is a claim of substantive unreasonableness. <u>See</u> <u>Friedman</u>, 554 F.3d at 1307.

In attributing error to the district court's conclusion that his criminal history was "substantially understated," Reyes-Marquez does not challenge the computation of his criminal history category, but rather simply challenges the degree to which the court emphasized his criminal past, which was properly considered under § 3553(a). <u>See</u> 18 U.S.C. § 3553(a)(1) ("The court . . . shall consider . . . the history . . . of the defendant . . . ."); <u>id.</u> § 3553(a)(2)(C) (mandating consideration of "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"—a consideration to which

---

[1] At oral argument, Reyes-Marquez suggested that the distinction between procedural and substantive reasonableness is an unimportant one. However, we note that the distinction is not inconsequential: the Supreme Court repeatedly has distinguished between what constitutes each type; different articulations of reasonableness apply to each; waiver of objection to <u>procedural</u> error results in plain error review on appeal; and sentences within the advisory Guidelines range are presumptively reasonable with respect to <u>substantive</u> reasonableness.

prior criminal history is relevant). Such a challenge is properly construed as implicating substantive reasonableness. See Friedman, 554 F.3d at 1307.

Reyes-Marquez also finds error with the court's conclusion that a sentence of less than thirty months "would fail to protect the public from the almost certain predictable recidivism of Mr. Reyes," reasoning that the court committed procedural error by selecting a sentence based on a clearly erroneous fact, see Gall, 552 U.S. at 51, namely, the fact that he is likely to recidivate. However, Gall's statement that selection of sentences based on clearly erroneous facts constitutes procedural error does not mean that all of a court's § 3553(a) sentencing conclusions, which are necessarily grounded in facts, fall under the heading of procedural reasonableness. Rather, as a general rule, a district court's weighing of the § 3553(a) factors—which include recidivism, see 18 U.S.C. § 3553(a)(2)(C)—implicates substantive reasonableness. See Friedman, 554 F.3d at 1307. In this case, the foundational facts relied upon by the district court, including those regarding Reyes-Marquez's criminal history, were the undisputed facts contained in Reyes-Marquez's PSR.

Finally, even if Reyes-Marquez had alleged procedural error, he failed to preserve such a challenge by failing to object to any procedure below, either in responding to his PSR or at the sentencing hearing. Hence, this Court would review the district court's procedure only for plain error, see Romero, 491 F.3d at 1176-77, and no error (let alone plain error) occurred here.

7

### III. Substantive reasonableness

Like almost all sentences that fall within the applicable advisory range of the Guidelines, Reyes-Marquez's sentence was substantively reasonable. The district court evaluated the sentencing factors of § 3553(a) in light of the facts of this case, and then imposed a sentence within the presumptively reasonable advisory Guidelines range. See Halliday, 665 F.3d at 1224. Reyes-Marquez disagrees with the court's conclusions about the gravity of his criminal history and the likelihood that he will recidivate, among the other considerations of § 3553(a), but he cites no analogous cases that might conceivably support the conclusion that the court's determination in this case was "arbitrary, capricious, whimsical, or manifestly unreasonable." See Friedman, 554 F.3d at 1307 (internal quotation marks, citation omitted). The mere fact that the Probation Office and the Government suggested sentences shorter than the one imposed by the court does not render the court's determination unreasonable.

The record supports the court's conclusions regarding criminal history, recidivism, and sentencing disparities. To Reyes-Marquez's assertion that the court failed to give due weight under § 3553(a) to cultural assimilation, that argument fails in light of the fact that the court expressly took into account Reyes-Marquez's mitigating family and employment situations in the United States. Reyes-Marquez is ultimately asking this Court simply to reweigh the § 3553(a) factors and to require a shorter sentence, but "[t]he fact that the appellate court might reasonably have concluded that a different sentence

was appropriate"—and we do not suggest that we would have—"is insufficient to justify reversal of the district court." See Gall, 552 U.S. at 51.

## CONCLUSION

For the foregoing reasons, we AFFIRM Reyes-Marquez's sentence.


ENTERED FOR THE COURT


David M. Ebel
United States Circuit Judge

9