**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 2, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUAN A. ROCHA-ROMAN,

Defendant-Appellant.

No. 12-3089
(D.Ct. No. 2:11-CR-20101-CM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Juan A. Rocha-Roman pled guilty to illegal reentry of a deported

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

alien in violation of 8 U.S.C. § 1326(a) and (b).  The district court sentenced him to fifty-seven months imprisonment.  On appeal, Mr. Rocha-Roman contends his sentence is substantively unreasonable.  We exercise our jurisdiction pursuant to 18 U.S.C. § 3742(a)(2) and 28 U.S.C. § 1291 and affirm.

## I.  Factual and Procedural Background

Mr. Rocha-Roman, a Mexican citizen, illegally entered the United States when he was five years old and was removed in approximately 2002 at the age of sixteen.  Months later, authorities arrested Mr. Rocha-Roman, then age seventeen, in the United States and allowed him to voluntarily return to Mexico.  Shortly thereafter, he again illegally entered the United States, and, on August 20, 2005, at the age of eighteen, he married his current wife in Wyandotte County, Kansas.  On the same day, authorities in Kansas arrested him for a felony involving aggravated indecent liberties with a twelve-year-old.  He received a twenty-four-month sentence for that offense after which, on May 18, 2007, authorities removed him from the United States.  Just months later, he reentered the United States.

On June 18, 2011, Kansas authorities arrested Mr. Rocha-Roman for driving under the influence and, on July 14, 2011, for criminal damage to property.  Following imposition of a ninety-day sentence for driving under the

-2-

influence and a seventy-five-day sentence for the criminal damage offense, he was indicted for the instant illegal reentry offense.

After Mr. Rocha-Roman pled guilty in federal district court to illegal reentry of a deported alien, a probation officer calculated his sentence using the applicable 2011 United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). The probation officer assessed his base offense level at eight under U.S.S.G. § 2L1.2 and increased it sixteen levels under U.S.S.G. § 2L1.2(b)(1)(A) based on his prior 2005 conviction for aggravated indecent liberties with a child. A three-level reduction for acceptance of responsibility resulted in a total offense level of twenty-one, which, together with Mr. Rocha-Roman's criminal history category of IV, resulted in an advisory Guidelines range of fifty-seven to seventy-one months imprisonment. The probation officer also noted, pursuant to Application Note 8 to U.S.S.G. § 2L1.2, that certain cases may warrant a downward departure on the basis of cultural assimilation and generally listed factors concerning such departures without recommending whether Mr. Rocha-Roman qualified for a departure.

Neither the government nor Mr. Rocha-Roman objected to the presentence report, and, at the sentencing hearing, Mr. Rocha-Roman confirmed he did not object to the calculation of his advisory Guidelines range. However, through

counsel, he requested a downward departure under U.S.S.G. § 2L1.2 based on issues concerning his cultural assimilation.[1] The government opposed such a departure based, in part, on its argument a departure was not likely to decrease the risk to the public of further crimes, the serious nature of his prior crimes, and his multiple prior unlawful reentries.

In denying Mr. Rocha-Roman's request for a downward departure and sentencing him within the Guidelines range, the district court expressly stated it considered the parties' arguments, the uncontested presentence report, the Guidelines, the 18 U.S.C. § 3553(a) sentencing factors, and the arguments and factors raised in support of the cultural assimilation departure. It also expressly recognized its authority to grant such a departure. However, it determined such a

---

[1] In support, counsel argued Mr. Rocha-Roman's circumstances warranted a departure based on: (1) his continuous presence in the United States since age five; (2) the fact his initial illegal entry into the United States at age five was not of his own volition and he attended kindergarten through the eleventh grade in the United States; (3) his duration in the United States from age five to seventeen, and then again for eight years after his past two deportations, causing him to spend a total of twenty of his twenty-five years of life living in the United States; (4) the fact he has only spent two three-month stints in Mexico since age five; (5) his intent to move his wife and children, who are United States citizens, to Tijuana, Mexico, where his mother and siblings reside, so his wife and children can commute to the United States to go to school and work; (6) his assertion his cultural ties to his immediate family provided the primary motivation for his illegal reentry and continued presence in the United States; (7) his belief a departure is "not likely to increase the risk to the public from further crimes"; and (8) his suggestion his criminal history is over-represented, given two of his offenses are municipal convictions and his indecent liberties conviction occurred when he was just eighteen.

departure was unwarranted given the seriousness of Mr. Rocha-Roman's criminal history and further stated the factors in favor of such a departure did not outweigh the fact he participated in criminal activity after each illegal reentry. It then sentenced Mr. Rocha-Roman at the low end of the Guidelines range to fifty-seven months imprisonment.

## II. Discussion

Mr. Rocha-Roman now appeals his sentence on similar grounds presented to the district court, arguing his sentence is substantively unreasonable under 18 U.S.C. § 3553(a) and is a violation of substantive due process because it failed to grant the requested cultural assimilation downward departure under Guidelines § 2L1.2 and its application note. He also provides argument concerning some of the § 3553(a) factors, including claims: (1) society was not injured by his offense; (2) a lighter sentence would act as a deterrent; (3) a departure is not likely to increase the risk to the public from further crimes; and (4) he committed minimal criminal activity on reentering the United States.

We begin our discussion by clarifying that a sentence above or below the recommended Guidelines range based on an application of certain Guidelines is referred to as a "departure," while a sentence above or below the recommended Guidelines range through application of the sentencing factors in 18 U.S.C.

§ 3553(a) is called a "variance." *See United States v. Atencio*, 476 F.3d 1099, 1101 n.1 (10th Cir. 2007), *overruled on other grounds by Irizarry v. United States*, 553 U.S. 708, 713 (2008). Mr. Rocha-Roman's appeal references § 2L1.2 which is typically utilized in requesting a downward departure based on cultural assimilation.[2] *See* U.S.S.G. § 2L1.2 cmt. n.8. To the extent Mr. Rocha-Roman is continuing to argue for a downward departure by reference to this guideline, we lack "jurisdiction ... to review a district court's discretionary decision to deny a motion for downward departure on the ground that a defendant's circumstances do not warrant the departure" .... "unless the court unambiguously states that it lacks such discretion," which is not the circumstance here. *United States v. Sierra-Castillo*, 405 F.3d 932, 936 (10th Cir. 2005). Even though we lack jurisdiction to review the denial of a downward departure, we retain jurisdiction to review a sentence for reasonableness under the § 3553(a) factors, taking into account the asserted grounds for departure when conducting a reasonableness review. *See United States v. Chavez-Diaz*, 444 F.3d 1223, 1229 (10th Cir. 2006). In addition,

---

[2] Criteria for a cultural assimilation departure include: "(1) the age in childhood at which the defendant began residing continuously in the United States, (2) whether and for how long the defendant attended school in the United States, (3) the duration of the defendant's continued residence in the United States, (4) the duration of the defendant's presence outside the United States, (5) the nature and extent of the defendant's familial and cultural ties inside the United States, and the nature and extent of such ties outside the United States, (6) the seriousness of the defendant's criminal history, and (7) whether the defendant engaged in additional criminal activity after illegally reentering the United States." U.S.S.G. § 2L1.2 cmt. n.8.

even though Mr. Rocha-Roman failed to raise a § 3553(a) argument before the district court, we have held that "when the claim is merely that the sentence is unreasonably long, we do not require the defendant to object in order to preserve the issue" on appeal. *United States v. Torres-Duenas*, 461 F.3d 1178, 1183 (10th Cir. 2006).

We review a sentence for reasonableness using a deferential abuse of discretion standard. *See United States v. Smart*, 518 F.3d 800, 803, 806 (10th Cir. 2008). Our reasonableness review "includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." *Id.* at 803. However, because Mr. Rocha-Roman does not contest the procedural reasonableness of his sentence, we review his sentence only for substantive reasonableness.

Substantive review involves "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Sayad,* 589 F.3d 1110, 1116 (10th Cir. 2009) (internal quotation marks omitted). In reviewing a district court's sentence for substantive reasonableness under the § 3553(a) factors, we give substantial deference to the district court because it has an unquestionable institutional

advantage, involving greater familiarity with individual cases and defendants, to consider whether the facts of the case justify a variance under § 3553(a). *See id.*; *Rita v. United States*, 551 U.S. 338, 350 (2007). Moreover, when, as here, the sentence is within the correctly-calculated Guidelines range, it is presumptively reasonable, and a defendant must "rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *United States v. Kristl*, 437 F.3d 1050, 1054-55 (10th Cir. 2006).

When considering the factors of cultural assimilation in determining whether to vary from the advisory Guidelines range under 18 U.S.C. § 3553(a)(1), the issue of cultural ties must still be weighed against the other § 3553(a) factors, including "the need for the sentence to reflect the seriousness of the crime and promote respect for the law." *United States v. Galarza-Payan*, 441 F.3d 885, 890 (10th Cir. 2006). In this case, the district court expressly stated it considered the criteria for cultural assimilation, together with the other § 3553(a) factors, and determined the seriousness of Mr. Rocha-Roman's criminal history, together with the fact he continued to commit crimes each time he illegally reentered the country, outweighed the other factors asserted in favor of a lower sentence. "We may not examine the weight a district court assigns to various § 3553(a) factors" and "defer not only to a district court's factual findings but also to its determinations of the weight to be afforded to such findings." *Smart*, 518 F.3d at

808.

Despite Mr. Rocha-Roman's contrary argument, the crime of illegal reentry by ex-felons into this country is a serious crime for which Congress has imposed a statutory maximum sentence of twenty years when the prior conviction is for an aggravated felony, *see* 8 U.S.C. § 1326(b)(2), and we have previously rejected the argument illegal reentry of an ex-felon is a non-injurious offense warranting a reduced sentence. *See generally United States v. Martinez-Barragan*, 545 F.3d 894, 905 (10th Cir. 2008). Mr. Rocha-Roman's crime of illegal reentry following his felony conviction for a crime of violence is no exception. Most certainly, in this case, society was injured by Mr. Rocha-Roman's instant offense of illegal reentry given he committed at least two additional crimes since his last illegal reentry.

In addition, given Mr. Rocha-Roman's propensity to illegally reenter the United States and to do so almost immediately following each of his deportations, as well as his history demonstrating his involvement in criminal activity after such illegal reentries, we agree with the district court that a lighter sentence is unlikely to act as a deterrent and would instead increase the risk to the public of further crimes. Thus, under the circumstances presented, and on applying our standard of review, we conclude Mr. Rocha-Roman has not sufficiently rebutted

the presumption his within-Guidelines-range sentence is substantively reasonable by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a) or otherwise showing that the district court abused its discretion in imposing his fifty-seven-month sentence.

## III. Conclusion

For these reasons, we **AFFIRM** Mr. Rocha-Roman's sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge