**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 2, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BONIFACIO LOPEZ-URBINA,

Defendant - Appellant.

No. 18-2136
(D.C. No. 2:18-CR-01368-RB-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **BALDOCK**, and **CARSON**, Circuit Judges.

Bonifacio Lopez-Urbina pleaded guilty without a plea agreement to illegal reentry after deportation in violation of 8 U.S.C. § 1326. The district court followed the recommendation of the probation officer and departed two criminal history levels downward from the United States Sentencing Guidelines (USSG). Lopez-Urbina then moved for an additional downward departure of three offense

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

levels on the ground that his offense level overrepresented his actual criminal history.

The district court denied Lopez-Urbina's motion for downward departure and sentenced him to 57 months in prison, the bottom of the guideline range. Lopez-Urbina now challenges the district court's sentencing determination—both the denial of the motion to depart downward and the substantive reasonableness of the sentence. We conclude, however, this court lacks jurisdiction to review the district court's discretionary decision to deny Lopez-Urbina's motion for downward departure. Our review is thus cabined to the substantive reasonableness of the imposed sentence. And we AFFIRM because the 57-month sentence is reasonable.

## I. Background

Border patrol agents apprehended Lopez-Urbina in Santa Teresa, New Mexico, shortly after he crossed the United States-Mexico border. He was arrested for violating 8 U.S.C. §§ 1326(a)(1) and (b)(2), which prohibit a previously removed alien from reentering the United States without authorization. His extensive criminal history resulted in an offense level of 21 and a criminal history category of VI. Lopez-Urbina already had a conviction for illegal reentry (having been deported from the United States four times) and had additional felony convictions both before and after his illegal reentry conviction.

Lopez-Urbina's base offense level of eight increased four levels for having a prior conviction for illegal reentry. USSG § 2L1.2(b)(1)(A). He received an additional four-level enhancement for his DWI conviction in 2011—charged as a felony because he had two previous DWI convictions. *Id.* § 2L1.2(b)(2)(D). And finally, Lopez-Urbina received an eight-level enhancement under USSG § 2L1.2(b)(3)(B) for a domestic-violence conviction in 2016—also charged as a felony because he had a previous conviction for domestic violence. After a three-level reduction for acceptance of responsibility, Lopez-Urbina's total offense level was 21, with a resulting guideline range of 77 to 96 months.

The probation officer recommended the district court depart downward two criminal history categories under USSG § 4A1.3(b)(1) on the ground that criminal history category VI "substantially over-represents the seriousness of the defendant's criminal history." The district court concurred in that assessment and varied down two levels. Lopez-Urbina then moved for a further downward departure under USSG § 2L1.2, Application Note 5, maintaining that "the offense level provided by [the] enhancement . . . substantially understates or overstates the seriousness of the conduct underlying the prior offense."[1] Lopez-Urbina

---

[1] We refer to Application Note 5 even though—after Lopez-Urbina's sentencing—USSG § 2L1.2, Application Note 5 was amended and redesignated as Note 6. The Note reads:

(continued...)

-3-

argued he received those enhancements only because Texas's recidivist statutes categorize third DWI and second domestic-abuse offenses as felonies. He contended that in many states, including New Mexico, his third DWI and second domestic-violence incident would have been charged as misdemeanors. This created, Lopez-Urbina argued, a disparity between the guideline range for him and the range for similarly situated defendants in states without such strict recidivist statutes.

The district court concluded Lopez-Urbina's circumstances did not warrant a further downward departure. The guideline range therefore remained at 57 to 77 months—accounting for the downward departure of two criminal history levels based on the probation officer's recommendation. The district court then sentenced the defendant to 57 months.

Lopez-Urbina appeals that sentence.

---

[1](...continued)
There may be cases in which the offense level provided by an enhancement in subsection (b)(2) or (b)(3) substantially understates or overstates the seriousness of the conduct underlying the prior offense, because (A) the length of the sentence imposed does not reflect the seriousness of the prior offense; (B) the prior conviction is too remote to receive criminal history points (see § 4A1.2(e)); or (C) the time actually served was substantially less than the length of the sentence imposed for the prior offense. In such a case, a departure may be warranted.

USSG § 2L1.2, Application Note 5.

## II. Analysis

Lopez-Urbina challenges two aspects of the district court's sentencing decision, arguing the district court erred by denying his motion for downward departure and by imposing a substantively unreasonable sentence. We lack jurisdiction to review the district court's denial of a motion for downward departure, so our review is solely of the substantive reasonableness of Lopez-Urbina's sentence.

### 1. Motion for Downward Departure

This court has repeatedly held "we lack 'jurisdiction . . . to review a district court's discretionary decision to deny a motion for downward departure on the ground that a defendant's circumstances do not warrant the departure.'" *United States v. Bergman*, 599 F.3d 1142, 1150 (10th Cir. 2010) (quoting *United States v. Sierra-Castillo*, 405 F.3d 932, 936 (10th Cir. 2005)). The only exception to this rule is "if the denial is based on the sentencing court's interpretation of the Guidelines as depriving it of the legal authority to grant the departure." *United States v. Fonseca*, 473 F.3d 1109, 1112 (10th Cir. 2007). Since Lopez-Urbina has not argued the district court misinterpreted USSG § 2L1.2, Application Note 5, to deprive the court of authority to grant the departure (and it is quite clear the district court recognized this authority), the exception does not apply.

Recognizing this authority, Lopez-Urbina changed direction at oral argument, arguing not that the district court abused its discretion by denying downward departure but that the district court failed to consider Application Note 5 at all. This argument is one of procedural reasonableness, however, and differs significantly from the arguments Lopez-Urbina advanced in his briefing. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (explaining the scope of a procedural reasonableness challenge). Thus, this argument is waived. *Fed. Ins. Co. v. Tri-State Ins. Co.*, 157 F.3d 800, 805 (10th Cir. 1998) ("Issues raised for the first time at oral argument are considered waived.").

We therefore do not review the district court's decision to deny Lopez-Urbina's motion for downward departure or consider the argument that the district court failed to apply Note 5.

### 2. Substantive Reasonableness

Lopez-Urbina also challenges the substantive reasonableness of his 57-month sentence. We review the substantive reasonableness of a defendant's sentence under an abuse of discretion standard. *United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013). Under this standard, a sentence is substantively unreasonable only "if it exceeds the bounds of permissible choice, given the facts" and "in light of the factors set forth in 18 U.S.C. § 3553(a)." *Id.*

Sentences within the guideline range, like Lopez-Urbina's, are presumed to be reasonable, *id.*, so the defendant carries a heavy burden.

Lopez-Urbina primarily contends his sentence is substantively unreasonable because he received enhancements based on conduct occurring in Texas that, had it occurred in other states, would not have been felonious. More specifically, he argues that had he been charged with a third DWI or second domestic-violence offense in New Mexico (where he was charged for this latest immigration offense), he would not have received a sentence enhancement because both prior offenses would have been misdemeanors. In Lopez-Urbina's view, this creates a disparity between his sentence and those of similarly situated individuals who, for instance, commit multiple domestic-violence offenses in states with more forgiving recidivist statutes.

The district court considered this argument and rejected it. The court noted Lopez-Urbina's "lengthy criminal history[] of putting people in our country at risk: Driving while intoxicated multiple times, domestic violence multiple times." App. at 13–14. And before imposing the 57-month sentence, the bottom of the guideline range, the court remarked, "Let's just call it what it is. Some states have chosen to punish, as felonious, misdemeanor conduct that puts people at risk, misdemeanor conduct that hurts people. And that's what happened here." App. at 14.

Lopez-Urbina also argues that his sentence is more than two and half times longer than his last illegal reentry sentence of 21 months. This in his view demonstrates that the sentence was "greater than necessary[] to comply with the purposes" of criminal punishment. 18 U.S.C. § 3553(a).

We disagree with both of Lopez-Urbina's arguments. First, the district court did not abuse its discretion in declining to credit how the sentence would have differed if Lopez-Urbina had been driving drunk or physically assaulted his wife in a state without a harsh recidivist statute. This is especially so because Lopez-Urbina has identified only a minority of states—twenty—where "DWI is never a felony, or becomes a felony after three prior convictions." Aplt. Br. at 15. And he has identified only four states—New Mexico, Arizona, California, and Nevada—where his second domestic-violence offense would have been a misdemeanor. Moreover, the district court specifically mentioned that Lopez-Urbina's suggestion "he might be the victim at this point doesn't help much in terms of the argument." App. at 14.

Second, the district court reasonably concluded a 57-month sentence was not "greater than necessary" in order to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a). Between the ages of 25 and 39, Lopez-Urbina was convicted of three DWI offenses, two assaults on his wife, and two criminal immigration

offenses—for a total of seven convictions. He also returned to the United States soon after being deported each of the four times, once less than a week after he had been deported to Mexico in September 2012.

Thus, considering Lopez-Urbina's criminal history and the factors set forth in 18 U.S.C. § 3553(a), we conclude that Lopez-Urbina has not rebutted the presumption that his within-guideline sentence is substantively unreasonable.

## III.  Conclusion

We lack jurisdiction to review the district court's discretionary decision to deny Lopez-Urbina's motion for a downward departure, and we conclude the district court's 57-month sentence is substantively reasonable. We therefore AFFIRM Lopez-Urbina's sentence.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge